# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2022

Lyle W. Cayce
Clerk

No. 22-10499
Summary Calendar

───────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Richard Bernard Nichols,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-568-1

───────────

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:\*

Richard Bernard Nichols appeals his conviction for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Citing *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), Nichols argues for the first time on appeal that § 922(g)(1)

───────────

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10499

exceeds the scope of Congress's power under the Commerce Clause and is thus unconstitutional. He specifically contends that Congress's power under the Commerce Clause authorizes it to regulate only commercial activity and that the mere travel of an object through interstate commerce is not, by itself, a commercial act.

Nichols concedes that his claim is foreclosed by circuit precedent, and he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief. In *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013), we noted that we have consistently upheld the constitutionality of § 922(g)(1) as "a valid exercise of Congress's authority under the Commerce Clause." We explained that *National Federation of Independent Business* did not address the constitutionality of § 922(g)(1) and did not express an intention to overrule prior precedent finding § 922(g)(1) constitutional.  *Id.* at 146. Therefore, the parties are correct that Nichols's claim is foreclosed.  *See Alcantar*, 733 F.3d at 145–46; *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, the alternative motion is DENIED, and the judgment is AFFIRMED.